[No. 1887]

AMANDA ESDEN, APPELLANT, v. JAMES MAY, JOHN NOLAN, AND GOLDEN HOTEL COMPANY (A CORPORATION), RESPONDENT.

[142 Pac. 530]

1. JUDGMENT—DEFAULT—ENTRY—AUTHORITY OF CLERK.

Where a married woman sued to recover property held by her husband in trust for her from persons who had obtained it from her husband at a gambling game while he was intoxicated, the action being one on implied contract and not for a tort or for an uncertain sum or for relief requiring the exercise of judicial discretion, a default judgment was properly entered by the clerk.

ON REHEARING.  **Denied.**

[For former opinion, see 36 Nev. 613.]

*James Glynn*, for Appellant.

*Boyd & Salisbury*, for Respondents.

ON REHEARING

By the Court, TALBOT, C. J.:

The facts and the original opinion in this case are reported in 36 Nev. 613, 135 Pac. 1185.

Upon further consideration given the questions involved since the argument upon rehearing, we feel constrained to adhere to the conclusions reached in the original opinion. It is entirely clear that if the demand was one upon contract, or for damages, the clerk was empowered to enter the default and judgment, and we are unable to say wherein the demand is different in principle, so far as the power of the clerk is concerned, from the one in an ordinary action upon an implied contract. The action

was not in tort, nor for an uncertain amount, nor for any relief which required the court to act judicially in rendering judgment.    As under the law the money belonged to the plaintiff, the obligation on the part of the defendants to pay was in the nature of an implied contract.    There was no need for the district judge to exercise his judicial discretion in determining the amount to be recovered, which was as certain, and for which the clerk could ministerially enter the judgment as readily, as in any ordinary action on contract or for damages.

The order of the district court from which the appeal was taken will stand reversed.